UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER L. SANDE,

        Plaintiff,

v.

        Case No. 19-11511
        Hon. Victoria A. Roberts

MASCO CORPORATION,
*a Delaware Corporation*; and
RENEE STRABER,
*jointly and severally,*

        Defendants.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**I.    INTRODUCTION**

At issue is whether Plaintiff Christopher Sande ("Sande") can proceed in federal court on his claims or if he must proceed to arbitration.

Sande says that Masco Corporation ("Masco") and Renee Straber ("Straber") ("Defendants") discriminated against him in violation of the Age Discrimination in Employment Act (29 U.S.C. § 621), Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e), and the Michigan Elliott-Larsen Civil Rights Act (Mich. Comp. Laws § 37.2101). Defendants argue that this dispute is subject to an arbitration agreement and the Court should dismiss

1

Sande's claims, or, in the alternative, stay proceedings and compel arbitration.

For the reasons below, the Court **GRANTS** Defendants' Motion to Dismiss.

## II. BACKGROUND

Sande sues his former employer, Masco, for age discrimination and gender/sex discrimination under federal and state law. Sande sues Straber, his former boss, only under state law.

Sande started working at Masco in June, 1998. He says that Defendants began to discriminate against him because of his age and sex in 2014, after Straber became his supervisor.

In 2010, Sande signed a Dispute Resolution Policy ("DRP") agreeing to submit employment-related claims against Masco to mediation and binding arbitration. In 2017, Masco sent out a new employee handbook with an updated DRP. Sande claims he did not sign the 2017 DRP.

In August 2018 Straber terminated Sande's employment pursuant to a plan that would transition him out of the company by the end of the year.

The parties agree that Sande's employment ended at the end of 2018. This means the DRP one-year time limit to file claims for arbitration would

not bar Sande from filing his claims with the American Arbitration Association.

### III. LEGAL STANDARD

To survive a motion to dismiss, the nonmoving party must allege enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The facts must be construed in the light most favorable to the nonmoving party. *Power & Tel. Supply Co. v. SunTrust Banks, Inc.*, 447 F.3d 923, 929–30 (6th Cir.2006) (quoting *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001)).

The Federal Arbitration Act ("FAA") requires courts to "rigorously enforce" arbitration agreements. It outlines a "strong federal policy in favor of enforcing arbitration agreements." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217, 221, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

The Court has four tasks when considering a motion to stay proceedings and compel arbitration under the FAA:

> first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if

3

federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider,* 228 F.3d 709, 714 (6th Cir.2000) (citation omitted).

The parties do not dispute that the claims are within the scope of the arbitration agreement or whether Congress intended the claims to be nonarbitrable.

## IV. ANALYSIS

Sande argues: (1) he never signed the 2017 DRP and there is no valid agreement to arbitrate, or (2) if there is an agreement to arbitrate, it is unconscionable and therefore invalid.

Defendants say there is a valid agreement to arbitrate, either because: (1) Sande assented to the 2017 DRP with his objective behavior or (2) the 2010 DRP policy applies. They also say that the DRP is not unconscionable.

### A. A party's objective behavior can constitute acceptance of a contract

It is undisputed that an arbitration provision is unenforceable if it is not a binding contract. *Heurtebise v. Reliable Business Computers, Inc.*, 550 N.W.2d 243, 247 (Mich. 1996). The Court reviews enforceability of

4

arbitration agreements in line with general state law for contract formation. "State law . . . is applicable to determine which contracts are binding . . . concerning the validity, revocability, and enforceability of contracts generally." *Hergenreder v. Bickford Senior Living Group, LLC,* 656 F.3d 411, 416-17 (6th Cir. 2011), quoting *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630-31 (2009).

Contract formation under Michigan law requires "(1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Id.* at 417.

**Sande accepted the 2017 DRP with his objective conduct**

Michigan contract law says that a party can assent to a contract through objective behavior. *Kloian v. Domino's Pizza L.L.C.*, 273 Mich. App. 449, 733 N.W.2d 766, 771 (2006), quoting *Blackburne & Brown Mortg. Co. v. Ziomek*, 246 Mich. App. 615, 696 N.W.2d 388, 396 (2004). The question of mutual assent "is judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind." *Hergenreder*, 656 F.3d at 417, quoting *Kloian*, 733 N.W.2d at 771.

The 2017 DRP was "a condition of continued employment and binding upon the Company and the employee . . ." [ECF 10-4 at PageID.154] Sande was a Masco employee at will. By continuing to work, he assented

to the DRP. *See Tillman v. Macy's, Inc.*, 735 F.3d 453, 459 (6th Cir. 2013); *Dawson v. Rent-A-Center Inc.*, 490 Fed.Appx. 727, 730 (6th Cir. 2012) ("[Plaintiff] demonstrated his assent by continuing to work for Rent–Way . . . Michigan law permits parties to accept offers through conduct.").

Sande does not argue that he did not know about the arbitration procedure. In fact, he signed a substantially similar DRP in 2010. Sande relies on the fact that there is no signed copy of the 2017 DRP to support his argument that there is no valid agreement to arbitrate. However, a signed copy is not necessary for an arbitration agreement to exist.

Sande knew about the DRP and understood that it was a condition of his continued employment with Masco. Objectively, Sande agreed to be bound by the terms of the 2017 DRP. There is a valid agreement to arbitrate; the parties are bound by it.

**B. The 2017 DRP supersedes the 2010 DRP**

Sande argues that the 2017 DRP supersedes the 2010 DRP. He says that because the 2017 DRP replaced the 2010 DRP, the 2010 DRP is no longer binding. Defendants argue that if the 2017 DRP does not bind Sande, the 2010 DRP does. Although the Court finds that the parties are bound by the 2017 DRP, it addresses the 2010 DRP.

Sande relies on the express term on the front of the 2017 Masco employee handbook ("Handbook") that states "all policies in this handbook supersede previous policies." [ECF No. 10-4, PageID.128] The Handbook includes the 2017 DRP, which is substantially similar to the 2010 DRP.

The Handbook later states "with the exception of the Dispute Resolution Policy, nothing contained in [the Handbook] is intended to create an employment contract between the Company and any employee." *Id.* at PageID.132. Under Michigan law, an employee handbook does not itself create a contract unless the employer intends to be bound by its terms. *Heurtebise*, 550 N.W.2d at 247.

Masco stated its intention to be bound under the 2017 DRP, and for it to supersede the entire 2010 DRP.

### C. The Bullard-Plawecki Employee Right to Know Act does not bar use of the 2017 DRP

Sande says because his personnel file does not contain a copy of the 2017 DRP, Defendants are barred from asserting the terms of the 2017 DRP in any judicial or quasi-judicial proceeding pursuant to the Bullard-Plawecki Employee Right to Know Act. Mich. Comp. Laws § 423.502. Defendants do not address this argument.

Sande says that Defendants may not rely on any document that they failed to include in his personnel file. This is a misstatement of the plain

language of the Bullard-Plawecki Employee Right to Know Act. It says that "personnel record information which, in the opinion of the judge in a judicial proceeding . . . was not intentionally excluded in the personnel record, may be used by the employer in the judicial or quasi-judicial proceeding . . . if the employee has been given a reasonable time to review the information." *Id.*

Sande does not argue that Defendants purposefully excluded the 2017 DRP from his file. He also does not argue that he did not have time to review the 2017 DRP. Sande's reliance on the Bullard-Plawecki Act as a reason why this Court should not order arbitration is underdeveloped and the Court declines to address it further.

**D. The 2017 DRP is not procedurally unconscionable**

Sande argues that the DRP is unenforceable because it is procedurally unconscionable. He says that the DRP was a condition of his continued employment, and this deprived him of a meaningful choice. Sande cites case law from other jurisdictions to support this argument. Defendants argue that under Michigan law, arbitration contracts offered as a condition of employment are not procedurally unconscionable. Defendants are correct.

8

**Arbitration contracts offered as a condition of at-will employment are not procedurally unconscionable under Michigan law**

Contracts requiring arbitration as a condition of employment are not procedurally unconscionable under Michigan law. *Rembert v. Ryan's Family Steak Houses, Inc.*, 596 N.W.2d 208, 211 (6th Cir. 1999) ("employers are also free to require arbitration of claims as a condition of employment."). *See also Mazera v. Varsity Ford Management Services, LLC*, 565 F.3d 997, 1002 (6th Cir. 2009); *Johns v. Sterling Jewelers, Inc.*, 2006 WL 3759905 (E.D. Mich. Dec. 20, 2006); *Eichinger v. Kelsey-Hayes Co.*, 2010 WL 2720931 (E.D. Mich. July 8, 2010) (upholding arbitration agreements that were conditions of employment).

Sande relies on cases that are neither binding nor persuasive. And, contrary to Sande's assertions, the courts in two of the cited cases found the arbitration agreements were <u>not</u> unconscionable and upheld them. *Serpa v. California Sur Investigations, Inc.*, 215 Cal. App. 4th 695 (2013); *Walther v. Sovereign Bank,* 386 Md 412, 872 A.2d 735, 757 (Md. Ct. App. 2005).

Sande also cites to *Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 384 (6th Cir. 2005). However, in *Walker* the Sixth Circuit applied Tennessee state law, where a contract presented on a "take it or leave it basis" as a condition of employment was deemed unconscionable. *Id.* As

9

discussed above, Michigan law does not consider arbitration as a condition of employment to be unconscionable despite the relative inequality of bargaining power.

The Sixth Circuit also found the arbitration agreement in *Walker* to be procedurally unconscionable based on multiple factors, such as the plaintiffs' low education level, the lack of opportunity to consult a lawyer, the high stakes involved in getting a low-wage job when the alternative is poverty, and the fact that the managers lied when plaintiffs asked what arbitration entailed. *Id.*

None of the factors from *Walker* applies to the DRP in this case; it is not procedurally unconscionable.

**E. Substantive unconscionability**

Sande argues that the DRP is substantively unconscionable because it: (1) mandates that the parties complete discovery only thirty days before arbitration, (2) only allows for each party to conduct a single deposition, and (3) requires parties to show a "substantial, demonstrable need" for discovery. Defendants argue that the discovery limits are not substantively unconscionable under Michigan law.

The Michigan Court of Appeals held that arbitration contracts must provide for "reasonable discovery." *Rembert v. Ryan's Family Steak*

*Houses, Inc.*, 235 Mich. App. 118, 596 N.W.2d 208, 228 (1999). The Court now considers these disputed discovery rules in the DRP.

**Discovery limitations in this case**

The 2017 DRP says that discovery "shall be limited to that which is clearly relevant and material to the dispute and for which the party has a substantial, demonstrable need." [ECF 10-4 at PageID.157] The parties can each take one deposition "at least thirty days in advance of the arbitration." *Id.* The parties are entitled to receive other discovery materials at least thirty days prior to the arbitration. *Id.* The DRP also provides for the Arbitrator to "grant, upon good cause shown, either party's request for discovery in addition to or limiting that expressly provided." *Id.*

**The DRP provides for reasonable discovery**

   a. **Thirty day deadline**

Sande argues that the provision in the DRP that says discovery materials are due to the opposing party thirty days prior to arbitration is unconscionable. He says that thirty days is not enough time to prepare his case. Sande also says that discovery materials are due much earlier in full court proceedings.

The Sixth Circuit has said that "when parties enter arbitration agreements at arms-length they typically should expect that the extent of

11

discovery will be more circumscribed than in a judicial setting." *Walker*, 400 F.3d at 387. Although thirty days is less time than parties have to consider discovery in full federal trials, it is not an unconscionably short time.

Thirty days before arbitration is sufficient time for Sande to consider and apply discovery materials. This provision is not substantively unconscionable.

**b. Limit of one deposition**

Sande cites to *Rembert* for his argument that the provision which allows only one deposition per party is substantively unconscionable. *Rembert*, 96 N.W.2d at 228. Sande relies on a misinterpretation of *Rembert*. The Court of Appeals found the arbitration agreement in *Rembert* unconscionable because discovery was both limited in scope and under the control of a biased arbitrator. *Id.*

This Court has upheld an arbitration agreement that limited discovery to one deposition. *Hermiz v. Credit Acceptance Corp.*, No. 16-14089, 2017 WL 2988258 (E.D. Mich. Feb. 16, 2017) (J. Roberts). The Court found that because there was no allegation of a biased arbitrator, the arbitration agreement provided for "reasonable discovery."

### c. Parties must show a "substantial, demonstrable need" for discovery

The DRP says that all discovery is limited to "that which is clearly relevant and material to the dispute and for which the party has a substantial, demonstrable need." [ECF 10-4 at PageID.157] Sande argues this is unreasonable because it disproportionately impacts him: the Defendants already have relevant information and documents, and so only he must show a "substantial, demonstrable need" to access these materials. Defendants do not address this argument.

Sande does not argue that he cannot show a "substantial, demonstrable need" for discovery. There are no facts to indicate that Defendants intend to block Sande's discovery requests. Without supporting facts to show how the standard of "substantial, demonstrable need" is unreasonable, the Court does not find that this provision of the DRP impairs discovery.

In sum, the discovery limitations still provide for reasonable discovery as required by Michigan law. The deadline for the parties to complete discovery thirty days before arbitration is not unreasonably short. Sande does not explain how the limit of one deposition per party is unreasonable. Nor is there evidence that the Arbitrator would not allow reasonable

discovery, if Sande makes a showing of "substantial, demonstrable need," something Sande does not do here.

Sande does not allege sufficient facts to plausibly claim that the 2017 DRP is unconscionable.

**V.     CONCLUSION**

The Court **GRANTS** Defendants' Motion to Dismiss.

Sande may file his claims with the American Arbitration Association as provided by the Dispute Resolution Policy.

**IT IS ORDERED.**

<pre>
                                    s/ Victoria A. Roberts
                                    Victoria A. Roberts
                                    United States District Judge
</pre>

Dated:  10/15/2019